IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,551-01






EX PARTE ROY MACK MILLER, JR. , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2006-233 IN THE 207TH DISTRICT COURT


FROM COMAL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and
sentenced to eleven years' imprisonment. The Third Court of Appeals affirmed his conviction.
Miller v. State, No. 03-07-00527-CR (Tex. App.-Austin Jan. 13, 2010) (unpublished). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance. Applicant
alleges that trial counsel had him sign a stipulation of evidence that established some of the elements
of manslaughter by misleading applicant into thinking he was signing a document affirming that he
had rejected a plea offer. Applicant also alleges that counsel allowed the State to re-open its guilt
innocence case and sponsor unsworn testimony from the decedent's young sister relating to the
impact of the decedent's death on her and her family. Applicant also alleges that counsel was
ineffective for not requesting the inclusion of the affirmative defense of necessity in the jury charge.
The record contains no response from the State or trial counsel and no findings of fact and
conclusions of law from the trial court. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel addressing Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings addressing whether Applicant executed a stipulation
relieving the State of their burden of proof on some of the elements of the offense. If so, the trial
court shall make findings as to whether trial counsel misled Applicant as to the effect of the
stipulation. The trial court shall also make specific findings as to whether the State sponsored
testimony concerning the impact of the decedent's death on his family during the guilt/innocence
phase of trial and, if so, whether counsel objected. If such testimony was proffered and counsel did
not object, the trial court shall make findings as to whether this failure constituted ineffective
assistance of counsel. Finally, the trial court shall make findings as to whether counsel requested
submission of the affirmative defense of necessity in the jury charge. If counsel did not request
submission of a necessity defense, the trial court shall make findings as to whether this constituted
ineffective assistance of counsel. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 25, 2011

Do not publish